IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**KAREN ANDERSON,** *et al.,*
     *Plaintiffs,*

**v.**                             **Civil Action No.:  3:13-cv-419**

**SAMUEL I. WHITE, P.C.,**
     *Defendant.*

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, SAMUEL I. WHITE, P.C.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant, Samuel I. White, P.C. ("SIWPC"), by counsel, pursuant to *Federal Rule of Civil Procedure* 12(c), submits this *Memorandum of Law in Support of its Motion for Judgment on the Pleadings* ("Memorandum").  Because Plaintiffs fail to state a claim upon which relief may be granted, SIWPC respectfully requests that this Court dismiss Plaintiffs' claims for breach of fiduciary duties (Counts I – IV).[1]  The reasons supporting the Motion for Judgment on the Pleadings are set forth below.

## I.   INTRODUCTION

This case represents yet another attempt in the ongoing campaign waged by Plaintiffs' counsel to distort the language of standard form Virginia deeds of trust in an attempt to create fiduciary duties for trustees where none exist.  Indeed, Plaintiffs seem intent on willfully ignoring the abundant precedent from this Court that rejects that proposition, including most recently this Court's decision in *Giovia v. PHH Mortg.*, No. 1:13cv577, 2013 U.S. Dist. LEXIS 162578, at *31 (E.D. Va., Nov. 13, 2013) (Brinkema, J.) (a trustee under a deed of trust has "***no***

---

[1] SIWPC does not seek to dismiss Plaintiffs' claims brought under the Fair Debt Collection Practices Act (Count VI).  Accordingly, those claims are not addressed in this Motion for Judgment on the Pleadings.  SIWPC has responded to them in its separately-filed Answer [ECF No. 10].

*due diligence duty*" and "there is **no** *common law duty of impartiality* incumbent on a trustee."). This Court has consistently held that the alleged duties of due diligence and impartiality are not enumerated in Virginia deeds of trust, are not incorporated by way of the "applicable law" provision, and foreclosure trustees do not owe them to borrowers. Instead, the only duties owed to borrowers are those specifically enumerated in the Deed of Trust. Plaintiffs do not contend that SIWPC failed to comply with any of the specifically listed duties, including the duty to provide notice of foreclosure to the Plaintiffs and purported class members.

Plaintiffs' arguments in this case are twofold. First, although not asserted specifically in the actual counts alleging breach of fiduciary duty, Plaintiffs apparently contend that SIWPC breached a "fiduciary duty of impartiality" by having its employees execute Substitution of Trustee Deeds, thereby "appointing itself" as the foreclosure trustee. (Compl. ¶¶ 18-28.) Second, Plaintiffs argue that SIWPC is vested with a "fiduciary duty of due diligence" and should be required to look behind the mortgagees' and servicers' backs to ensure that these entities comply with the Servicing Guidelines and regulations of the applicable federal investor, *i.e.* Fannie Mae, Freddie Mac, VA, or FHA, which they claim are incorporated into the various form deeds of trust.

As noted above, this Court has consistently held that the duties of due diligence and impartiality are not enumerated in Virginia deeds of trust, are not incorporated therein in any other fashion, and that foreclosure trustees do not owe them to the borrowers. Plaintiffs' claims fail because – even assuming the truth of their so-called "factual" recitations – they cannot, as a matter of law, allege the existence of any fiduciary duty of impartiality and due diligence that SIWPC owed them. In addition, Plaintiffs fail to allege the remaining elements necessary to properly plead a claim for breach of fiduciary duty – the existence of any breach of a duty owed

to them and any damages allegedly suffered as a result.   Accordingly, Counts I-IV of the Complaint should be dismissed with prejudice.

## II.   FACTUAL ALLEGATIONS[2]

### A.   Allegations Common to All Breach of Fiduciary Duty Counts

Plaintiffs make a number of allegations that are common to all counts asserted in the Complaint, including the following specifically related to the breach of fiduciary duty claims:

1.      Defendant is a law firm whose practice is focused on debt collection.  Defendant accomplishes its business by instituting foreclosure proceedings against consumers for mortgage loans that have been referred to it by various loan servicers.  (Compl. ¶¶ 8, 14.)

2.      The Complaint alleges that Defendant does not actually receive the note prior to instituting foreclosure proceedings.  Instead, Plaintiffs' claim, Defendant uses a "false lost note affidavit." (Compl. ¶¶ 15-16.)

3.      The Complaint alleges further that Defendants create Substitution of Trustee documents that are "false and improper" because they identify the loan servicer as the noteholder or agent of the noteholder.  (Compl. ¶¶ 17-19.)   Instead, the entities allegedly appointing the Defendant are merely the loan servicers.  (Compl. ¶ 20.)

4.      According to Plaintiffs, the persons who sign the Substitution of Trustee document do not have authority or legal standing to do so, nor are they aware of the facts

---

[2] The Complaint names thirty eight (38) Plaintiffs as class representatives for the unnamed class members.  Counts I, II, and IV are brought by more than one representative plaintiff.  Count III is brought by a single named Plaintiff, Jonathan Cobia.  Eight (8) of the thirty eight (38) Plaintiffs in the suit are not included in the relief sought in Counts I through IV and need not be considered for purposes of this Motion to Dismiss – they seek relief pursuant to only the Fair Debt Collection Practices Act, Count V, mistakenly designated in the Complaint as Count VI.

contained in the sworn statements.  At other times, the documents are not signed personally. (Compl. ¶ 24.)

5.       Plaintiffs allege that some of the Substitute Trustee documents are signed by Defendant as attorney in fact.  (Compl. ¶ 25.)

6.       In addition, Plaintiffs assert that the persons claiming to have notarized the documents did not do so personally.   (Compl. ¶¶ 26-27.)   Thus, allege Plaintiffs, these documents are a legal nullity and do not actually authorize Defendant to act as substitute trustee. (*Id.* ¶ 28.)

7.       Plaintiffs assert that these "recklessly created documents" contain a "substantial amount of misrepresentations to Plaintiffs."  (Compl. ¶ 43.)

8.       The Complaint alleges that "this demonstrates" a "lack of diligence" by the Defendant and "bad faith in its complete disregard of the rights of borrowers."  (Compl. ¶ 44.) Therefore, the Defendant "breached its fiduciary duty of impartiality under Plaintiffs' Deeds of Trust." Id. 45.)

**B.      Breach of Fiduciary Duty – Fannie Mae and Freddie Mac (Counts I and II)**

The Complaint asserts Counts I-IV as class claims for breach of fiduciary duty, with each count broken down into the type of loan involved – Fannie Mae, Freddie Mac, VA and FHA. Undergirding all of these counts is Plaintiffs' allegation that Defendant is not an impartial or neutral trustee and breached its "duty of impartiality" and "duty of diligence" by failing to follow various servicing guidelines.  (Compl. ¶¶ 46, 60, 90, 98.)  With respect to Fannie Mae and Freddie Mac loans, the Complaint alleges as follows:

9.       The "Fannie Mae" class is defined as:

 All natural persons who were the record owners in fee simple of real property located in the Commonwealth of Virginia that by a recorded Deed of Trust

4

secured payment of a loan owned by Fannie Mae for whom Defendant claimed it was appointed substitute trustee and attempted to conduct a foreclosure sale of the real property within the five years prior to the filing of the Complaint, and for whom 1) the records of the noteholder or servicer did not contain any record of receipt and acknowledgement of receipt of a referral package from the servicer to the Defendants, and/or 2) the Defendants failed to obtain the original note or a lost note affidavit prior to the date of such foreclosure.

(Compl. ¶ 1350.)

10.    The "Freddie Mac" class is defined as:

All natural persons who were the record owners in fee simple of real property located in the Commonwealth of Virginia that by a recorded Deed of Trust secured payment of a loan owned by Freddie Mac for whom Defendant claimed it was appointed substitute trustee and attempted to conduct a foreclosure sale of the real property within the five years prior to the filing of the Complaint, and for whom 1) the records of the noteholder or servicer did not contain any record of request of the original note or a lost note affidavit, and 2) the Defendants failed to obtain the original note or a lost note affidavit prior to the date of such foreclosure.

(Compl. ¶ 1366.)

11.    The Complaint alleges, that "[t]o the extent that Defendant was properly appointed as trustee, Defendant was the fiduciary for both the Plaintiffs and the putative Fannie Mae/Freddie Mac class and the Noteholder, creditor, beneficiary and/or investor, thus owing fiduciary duties to both parties."  (Compl. ¶¶ 1360, 1376.)

12.    Defendants are alleged to have breached their fiduciary duties by undertaking the foreclosure sale and the transfer of the real property of the Plaintiffs and the putative class without compliance with the Deeds of Trust.  "Specifically, Defendants foreclosed upon the real property when the necessary prerequisites of compliance with the Fannie Mae/Freddie Mac Servicing Guidelines and Virginia law had not been met." (Compl. ¶¶ 1361, 1839.)

13.    Plaintiffs assert that, "[u]nder the Deeds of Trust, Defendants' obligations are subject to and governed by "Applicable Law," including Fannie Mae/Freddie Mac Servicing Guidelines." (Compl. ¶¶ 1823, 1377.)

14.    Defendants are alleged to have breached their fiduciary duty to Plaintiffs and the putative class including, but not limited to, the following conduct:

- By failing to ensure that it received the appropriate foreclosure data from the servicers and the necessary documents to conduct the foreclosure;

- By consistently failing to acknowledge receipt of the referral package and failing to request the necessary foreclosure documents in order to expedite the foreclosure process on Plaintiffs and the putative class members.

- By failing to obtain a complete referral package, including the documents required to conduct a foreclosure under Virginia law prior to conducting the foreclosure; and

- By conducting the foreclosure even though the preconditions to foreclosure had not been satisfied under the terms of the Notes and Deeds of Trust.

(Compl. ¶¶ 1363, 1379.)

15.    These claims are based on Plaintiffs' assertions that Defendant owed them a duty – through the "all applicable law" provision in the Deeds of Trust (**Ex. A** at ¶ 16)[3], to ensure that servicers comply with Fannie Mae or Freddie Mac servicing guidelines, specifically the requirements to send/receive a referral package, acknowledge receipt of the referral package and

---

[3] The Complaint spends 215 pages and more than 1,400 separate paragraphs outlining the facts of each of the named Plaintiffs' claims.  None of the hundreds of documents, including deeds of trust, referred to are attached as exhibits.  Indeed, despite repeated allegations that Plaintiffs' counsel have reviewed a "considerable amount of documents created by Defendant," (Compl. ¶¶ 26, 37) not one is actually attached to the Complaint.  Accordingly, the deeds of trust of the Plaintiffs named in Counts I and II (Fannie Mae and Freddie Mac) loans are attached hereto as **Exhibit A**.  "The record on a motion to dismiss includes 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Pham v. Bank of N.Y.*, 856 F. Supp. 2d 804, 813 (E.D. Va. 2012) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)).

obtain a copy of the original note and/or a lost note affidavit pursuant to Virginia Code § 55-59.1 before initiating foreclosure.  (Compl. ¶¶ 51-56; 64-76; 1362; 1378.)

17.     The "Applicable Law" clause provides that, "All rights and obligations contained in the Security Instrument are subject to any requirements and limitations of the Applicable Law."  (**Ex. A** at ¶ 16).   Of importance, "Applicable Law" is a defined term in the Deeds of Trust, which does *not* include any servicing guidelines.  (*Id.* at "DEFINITIONS," ¶I or J[4])

## C.     <u>Breach of Fiduciary Duty – FHA and VA Loans (Counts III and IV)</u>

With respect to VA and FHA loans, the Complaint alleges as follows:

18.     The "VA Loans" class[5] is defined as:

 All natural persons who were the record owners in fee simple of real property located in the Commonwealth of Virginia that by a recorded Deed of Trust secured payment of a loan  insured by the Department of Veterans Affairs and for which property the Defendant drafted, executed and recorded a Deed of Foreclosure upon such Deed of Trust within the five years prior to the filing of the Complaint, and for whom the records of the noteholder or servicer did not contain any record of an attempt to provide a face-to face meeting with the class member prior to the date of such foreclosure.

(Compl. ¶ 1382.)

19.     The "FHA Loans" class is defined as:

All natural persons who were the record owners in fee simple of real property located in the Commonwealth of Virginia that by a recorded Deed of Trust secured payment of a loan  insured by the Federal Housing Administration and for which property 1) the Defendant attempted to conduct a foreclosure and/or 2) the Defendant drafted, executed and recorded a Deed of Foreclosure upon such Deed of Trust within the five years prior to the filing of the Complaint,  for whom the records of the noteholder or servicer did not contain any record of an attempt to

---

[4] Some Deeds of Trust define "Applicable law" in paragraph I of the "DEFINITIONS" section while other Deeds of Trust define it in paragraph J of the "DEFINITIONS" section.

[5] The only class representative for Count III is James Cobia.  (Compl. ¶ 378.)

provide a face-to face meeting with the class member prior to the date of such foreclosure.

(Compl. ¶ 1396.)

20.     The Complaint alleges, that "[t]o the extent that it was properly appointed as trustee, Defendant was the fiduciary for both the Plaintiffs and the putative class members as well as the Noteholder, creditor, beneficiary and/or investor, thus owing fiduciary duties to both parties." (Compl. ¶¶ 1392, 1406.)

21.     Defendants are alleged to have breached their fiduciary duty to Plaintiffs and the putative class by foreclosing on the real property when the necessary prerequisite of compliance with the VA/FHA regulations and law had not been met. (Compl. ¶¶ 1393, 1407.)

22.     The specific regulations Defendants are alleged not to have complied with are the pertinent FHA and VA regulations requiring that the servicer conduct a face to face meeting with the mortgagor or a reasonable attempt to arrange such a meeting. (Compl. ¶¶ 85-92; 96-100.)[6]

23.     The Complaint alleges that the VA regulations, namely "Title 38 of the United States Code and Regulations implemented by the VA" were "expressly incorporated into Mr. Cobia's Deed of Trust." (Compl. ¶ 401.)

24.     However, a review of the Deed of Trust in question demonstrates no such "express" incorporation.[7] Instead, and unlike the FHA Deeds of Trust,[8] the Cobia Deed of Trust contains only a standard "Applicable Law" provision at paragraph 16. (**Ex. B**).  Accordingly,

---

[6] The relevant regulations are 24 C.F.R. § 203.604 (FHA loans) and 38 C.F.R. § 36.4278(g)(iv) (VA loans) (Compl. ¶¶ 85-86; 96).

[7] The Cobia Deed of Trust is attached hereto as **Exhibit B**.

[8] FHA Deeds of Trust are attached hereto as **Exhibit C**.  FHA Deeds of Trust contain a provision that states that "This Security Instrument does not authorize acceleration and foreclosure if not permitted by regulations of the [HUD] Secretary." (**Ex C** at ¶ 9(d).)

SIWPC assumes – although it is not expressly pled – that Plaintiff Cobia relies on the "Applicable Law" provision in his Deed of Trust.

## III.    ARGUMENT

### A.    <u>Standard of Review</u>

To survive dismissal for failure to state a claim, the "complaint's 'factual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'"  *Demetry v. Lasko Prods.*, 284 Fed. Appx. 14, 15 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)).   Legal conclusions and labels are insufficient to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure, and only allegations of fact are entitled to the presumption of truth.   *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Twombly*, 550 U.S. at 555 (stating that a pleading that offers "legal conclusions" of "a formulaic recitation of the elements of a cause of action will not do.").   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 677, 129 S.Ct. at 1949.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

Nor is the Court required to consider unsupported legal conclusions or legal conclusions disguised as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949-50 (2009); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986); *Schweikert v. Bank of America*, 521 F.3d 285, 288 (4th Cir. 2008); *Eastern Shore Markets v. J.D. Associates LTD*, 213 F.3d 175, 180 (4th Cir. 2000).   Moreover, "[w]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should…be

exposed at the point of minimum expenditure of time and money by the parties and the court.'"
*Twombly*, 550 U.S. at 558 (citation omitted). In this case, the allegations of the Complaint are
unsupported by law or by factual allegations – as opposed to conclusions and labels – sufficient
to support a cause of action for breach of fiduciary duty. Plaintiffs cannot create a fiduciary duty
of impartiality or due diligence merely by asserting that such a duty exists. As noted above, this
Court has consistently held that such duties are not enumerated in the Deeds of Trust and are not
incorporated therein by way of the "applicable law" provision. Likewise, this Court has held that
they do not exist at common law and that foreclosure trustees do not owe any such duties to
borrowers. Accordingly, even assuming Plaintiffs' "factual" allegations are true, they cannot
raise a claim of entitlement to relief for breach of fiduciary duty against SIWPC. Counts I-IV
should be dismissed with prejudice.

**B.      Plaintiffs' Allegations Fail to Establish the Prima Facie Elements of a Claim for Breach of Fiduciary Duties.**

Under Virginia law, the elements of a cause of action for breach of fiduciary duty are (1)
a duty; (2) a breach; and (3) loss or damage caused by the breach. *See Carstensen v. Chrisland
Corp.,* 247 Va. 433, 444, 442 S.E.2d 660, 666 (1994); *Khader v. Hadi Enter.*, No. 1:10cv1048,
2010 WL 5300876 (E.D. Va. Dec. 22, 2010) (Cacheris, J.); *Allaun v. Scott*, 59 Va. Cir. 461
(Norfolk Cir. Ct. Sept. 19, 2002). A plaintiff asserting a breach of fiduciary duty claim must
plead and prove these elements, and the bare allegation that a fiduciary duty exists is insufficient
to survive a motion to dismiss. *See Allaun*, 59 Va. Cir. 461. As outlined below, Plaintiffs'
allegations satisfy none the elements of a *prima facie* claim for breach of fiduciary duty.
Plaintiffs' formulaic recitations of non-existent duties and their supposed breach are contrary to
settled law. Moreover, their purported damages lack any supporting factual allegations.
Therefore, Counts I through IV should be dismissed with prejudice.

10

1.      **As a Matter of Law, SIWPC Does Not Owe Fiduciary Duties to Plaintiffs Beyond the Duties Specifically Enumerated in the Deeds of Trust and the Virginia Code.**

In Virginia, the law is well-settled that "the powers and duties of a trustee in a deed of trust, given to secure the payment of a debt, *are limited and defined by the instrument* under which he acts." *Powell v. Adams*, 179 Va. 170, 174, 18 S.E.2d 261, 262-63 (1942) (emphasis added); *see also Warner v. Clementson*, 254 Va. 356, 492 S.E.2d 655 (1997). Accordingly, this Court and other courts in the Fourth Circuit consistently have held that a trustee's duties with regard to foreclosure under a deed of trust are limited to those duties listed in the deed of trust and required by the Virginia statute. *See, e.g., Giovia* , 2013 U.S. Dist. LEXIS 162578, at \*30; *Goodrow v. Friedman & MacFadyen, P.A.*, No. 3:11-cv-00020, 2012 U.S. Dist. LEXIS 182188 at \*21-22 (E.D. Va. Dec. 27, 2012) ("*Goodrow II*"); *Pham v. Bank of New* York, 856 F.Supp.2d 804 (E.D. Va. 2012); *Sheppard v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. LEXIS 7654, at \*26 (W.D. Va. Jan. 12, 2012) (*citing Warner v. Clementson*, 254 Va. 356, 361, 492 S.E.2d 655, 657 (1997); *see also Horvath v. Bank of New York, N.A.*, 2010 U.S. Dist. LEXIS 19965, at \*4-5 (E.D. Va. 2010), *aff'd*, 641 F.3d 617 (4th Cir. 2011).

The duties of "due diligence" and "impartiality" alleged by Plaintiffs are not listed in the Deeds of Trust, nor are they incorporated therein in any fashion. To hold that some other, unnamed and unidentified duties exist in a Virginia deed of trust would expose trustees to uncertainty and require them to speculate about the possible existence of unknown regulations or guidelines that might govern their conduct. Virginia courts rightfully and consistently have rejected any attempt to depart from the long held axiom that "[t]he powers and duties of a trustee in a deed of trust, given to secure payment of a debt, are *limited and defined* by the instrument under which he acts." *Powell*, 179 Va. at 174, 18 S.E.2d at 262-63 (emphasis added). Because

11

Plaintiffs fail to allege the breach of any legally cognizable duties listed in the Deeds of Trust, the first element of their claim for a breach of fiduciary duties is not met and their claim fails as a matter of law.

> **a.** ***As a Matter of Law, SIWPC Does Not Owe Plaintiffs a Duty of Impartiality and the Complaint Fails to Assert a Plausible Breach of any such Duty.***

Plaintiffs assert that SIWPC breached a "fiduciary duty of impartiality" by having its employees execute Substitution of Trustee Deeds, thereby "appointing itself" as the foreclosure trustee.  (Compl. ¶¶ 18-28.)  Plaintiffs in this case cannot moor their breach of fiduciary duty claims to any provision of the deed of trust contract, and instead ask this Court to invent a common law duty. The duty of impartiality, however, has not been recognized by Virginia courts on the facts alleged in the Complaint.  In dismissing similar claims, this Court recently reiterated that "there is no common law duty of impartiality incumbent on a trustee."  *Giovia*, 2013 U.S. Dist. LEXIS 162578, at *31.  The United States District Court of the Western District of Virginia also specifically rejected the assertion of a common law "duty of impartiality" in *Sheppard v. BAC Home Loans Servicing, LP*.  As in this case, the plaintiffs in *Sheppard* alleged that the trustee had breached its fiduciary duty by "appointing itself as substitute trustee, initiating foreclosure proceedings, and selling the property."  *Sheppard*, 2012 U.S. Dist. LEXIS 7654, at *6 (W.D. Va. 2012).  Plaintiffs argued that such actions breached a "duty of fairness and impartiality."  *Id.* at *25.  The Court rejected the notion of a common law "duty of impartiality" as proffered by the plaintiffs:

> Moreover, Plaintiff has cited no additional authority for his assertion that there is a common law fiduciary duty owed to borrower by trustees. … In the case at hand, the deed of trust spells out the powers and duties of the trustee with respect to the sale of the property following initiation of foreclosure. ***There is no duty (labeled fiduciary or otherwise) found in the deed of trust requiring the trustee to ensure either that it was properly appointed or that the entity invoking the sale is the secured party with authority to foreclose.***

12

*Id.* at *25-27 (emphasis added)[9]; *c.f.*, *Giovia*, 2012 U.S. Dist. LEXIS 182188, at *24-27 (loan servicer had the power to appoint substitute trustee and invoke power of sale; as a result, deed of appointment was not void); *Goodrow v. Friedman & McFayden, P.C.* (*Goodrow III*), No. 3:11cv20, 2013 U.S. Dist. LEXIS 105395, *76 (E.D. Va. July 26, 2013) (plaintiffs lacked standing to challenge validity of allegedly defective substitution of trustee documents).

Plaintiffs also apparently contend that SIWPC's failure to ensure compliance with Servicing Guidelines constitutes a breach of the "duty of impartiality." (Compl. ¶¶ 46, 60 (identifying the "duty of impartiality" as the fiduciary duty allegedly breached as a result of the "failure to follow . . . Servicing Guidelines when conducting foreclosures of loans.")) On similar facts, this Court could not find a contractual basis for a "duty of impartiality" and properly characterized it as the recast of a "duty of due diligence" claim:

> Plaintiff's concede that *Horvath's* finding that a trustee has no duty of due diligence to among other things, check behind a lender's basis to foreclose . . . Plaintiffs argue that they have pled sufficient facts to establish Defendants' lack of impartiality . . . ***Plaintiffs' allegations merely recast a due diligence duty as a duty to remain impartial.***

*Goodrow II*, 2012 U.S. Dist. LEXIS 7654, at *29 n. 9 (emphasis added) (addressing the plaintiffs' allegations that defendants lacked impartiality when they "had actual knowledge that conditions precedent to foreclosure were not satisfied and that defendants used false lost note

---

[9] As in this case, the plaintiffs in *Sheppard* alleged that because an employee of the trustee executed the appointment of trustee under power of attorney from the lender, such action was tantamount to the trustee appointing itself, which they alleged constituted a breach of fiduciary duty. *Id.* at *28 n. 8. The Court rejected this contention: "[T]he fact that Ms. Simmons may have been employed by PFC [the trustee] does not, in itself, imply that she lacked authority to serve as an agent of BAC . . . there has been no allegation by Plaintiff that BAC did not intend to effect the appointment via Ms. Simmons or to be bound by it." *Id.* For the reasons articulated by this Court in *Sheppard*, Plaintiffs' allegations with regard to employees of SIWPC executing appointment of trustee documents or assignments under power of attorney fail to state a claim for breach of fiduciary duty.

affidavits instead of confirming whether or not the notes were in fact lost.").

Subsequently, this Court held that "*[n]o court* has found the existence of the fiduciary duty Plaintiffs ask this Court to recognize." *Goodrow III,* 2013 U.S. Dist. LEXIS 105395, at *64-65 (emphasis added) (citing *Sheppard*, 2012 U.S. Dist. LEXIS 7654, at *27 ("There is no duty (labeled fiduciary or otherwise) found in the deed of trust requiring the trustee to ensure either that it was properly appointed or that the entity invoking the sale is the secured party with authority to foreclose.").  Moreover, this Court unequivocally has rejected the notion that a breach of fiduciary duty can be premised on the failure to obtain the original note or a lost note affidavit prior to sending the notice of foreclosure sale.  In *Goodrow III*, the Court held that

> *Section 55-59.1(B)*, the "Applicable Law" invoked by Paragraph 22 of the Deeds of Trust, allows the equivalent of a L/UN Letter to be sent "If a note or other evidence of indebtedness secured by a deed of trust is lost *or for any reason cannot be produced* ..." and it allows sale if "*the beneficiary has given written notice* to the person required to pay the instrument that the instrument is unavailable *and a request for sale will be made of the trustee upon expiration of 14 days."* Va. Code Ann. § 55-59.1(B) (West 2013) (emphases added).

2013 U.S. Dist. LEXIS 105395, at *74.  Because the plain language of the statute does not require that a beneficiary first submit the lost note affidavit before giving notice of the sale, the Court dismissed plaintiffs' claims for breach of a fiduciary duty.  *Id.*, at *75 (noting that nothing in Section 55-59.1(B) discusses or references a "triggering event" and the plain language does not implicate a specific and rigid temporal sequence.)  Accordingly, any breach of fiduciary duty claim premised on the failure to obtain a lost note affidavit has been flatly rejected by this Court.

### b. As a Matter of Law, SIWPC Does Not Owe Plaintiffs a Duty of Due Diligence.

Most recently, this Court dismissed strikingly similar claims for breach of fiduciary duties in *Giovia*, predicated on defendant substitute trustee's foreclosure proceedings, and plainly held that "[a] trustee under a deed of trust has no due diligence duty."  2013 U.S. Dist.

LEXIS 162578, at *31 (citing *Horvath*, 2010 U.S. Dist. LEXIS 19965, at *4). Speaking about the scope of the trustee's fiduciary duties under the deed of trust, the Court noted: "Indeed, it appears that [trustee's] only affirmative duty under the Deed of Trust with respect to Plaintiffs was its duty to give them notice of the foreclosure sale—notice that plaintiffs admit they received." *Id.* at *32.

Similarly, in *Horvath,* this Court rejected plaintiff's allegation that the trustee had a duty of "reasonable due diligence," or looking behind the servicer's or creditor's back, before threatening, scheduling and foreclosing the property. 2010 U.S. Dist. LEXIS 19965, at *4 ("Under Virginia law, … a trustee under a deed of trust owes only those duties that are listed in the deed of trust."); *see also*, *Goodrow II*, 2012 U.S. Dist. LEXIS 182188, at *31 (in reviewing the deeds of trust, the court did not locate any provision obligating the trustee to ensure compliance with foreclosure prerequisites). Accordingly, it is beyond question that – in this Court – there are no common law duties of "impartiality" or "due diligence" and they are not specifically enumerated in the Virginia form deeds of trust, which comprise the Deeds of Trust involved in this case.

### c. *Servicing Guidelines Are Not the "Applicable Laws" Under the Deeds of Trust.*

Recognizing that this Court and other Virginia courts repeatedly have held that the duties alleged by Plaintiffs do not exist at common law and that trustees owe only those duties listed in the deed of trust itself, Plaintiffs' only recourse is to assert that the duty of "due diligence" somehow is found in the language of the Deeds of Trust. Nowhere in Counts I through IV of the Complaint, however, do Plaintiffs cite to any duty *specifically enumerated* in the Deeds of Trust or the Virginia Code, which SIWPC allegedly has breached. Instead, Plaintiffs seek to manufacture fiduciary duties not expressly contained within the four corners of the document by

arguing that "Applicable Laws" include the Servicing Guidelines for Fannie Mae and Freddie Mac ("Servicing Guidelines"), and regulations of FHA/HUD and the Department of Veteran Affairs ("HUD/VA Regulations").   In essence, Plaintiffs allege that, because the Servicing Guidelines and HUD/VA Regulations are "Applicable Laws" incorporated into the Deeds of Trust, SIWPC as trustee has a duty of oversight and enforcement – essentially a duty of due diligence – to ensure compliance with them.   However, such a broad expansion of the trustee's duties beyond those specifically outlined in the Deeds of Trust is contradictory to and unsupported by Virginia law.

For example, this Court has held that the "Applicable Laws" provision in a deed of trust did not make the Home Affordable Modification Program ("HAMP") guidelines a contractual term of a plaintiff's deed of trust.[10]   *Condel v. Bank of America, N.A.*, 2012 WL 2673167 *5 (E.D. Va. 2012). Rejecting the plaintiff's incorporation argument, the Court observed that "[m]ost courts construe ***narrowly*** the phrase 'all applicable law' (or similar language) in a contract."   *Id.* at *8 (emphasis added).  This Court explained the contours and parameters of the "Applicable Laws" provision of the deed of trust contract:

> Taken in its "plain, ordinary, and popular sense," the term "applicable law" refers to the then-existing body of law that applies directly to the contract in question, or to which the parties are otherwise subject in the performance of their contractual duties and obligations. In other words, the phrase does not appear to incorporate laws which are ***not already applicable*** (even if otherwise relevant) to the parties or their agreement. HAMP guidelines, for example, are not of themselves immediately "applicable" to the contractual relationship between a lender and borrower. For that reason, it would seem that ***inclusion of an "applicable law" term in a mortgage loan contract would not impose on a lender a contractual***

---

[10] The deed of trust contained a standard provision that "[a]ll rights and obligations contained in" the deed of trust be exercised in accordance with "any requirements and limitations" of "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." *Id.*

> *obligation—enforceable by the borrower—to comply with such administrative*
> *rules and regulations.*

*Id.* (emphasis added) (noting also that courts have "universally" held that HAMP servicing guidelines do not create a private cause of action for borrowers and that courts have "flatly rejected attempts by borrowers to asset contract claims as 'incidental beneficiaries' of servicers' agreements with the government); *Townsend v. Federal National Mortgage Ass'n*, 923 F.Supp.2d 828 (W.D. Va. 2013) (rejecting allegations that the deed of trust incorporated compliance with the Fair Debt Collection Practices Act ("FDCPA") through the "Applicable Laws" provision of the deed of trust).

No court has ever held that a private cause of action exists under the Servicing Guidelines or FHA/VA Regulations at issue here. The Servicing Guidelines are analogous to HAMP guidelines, discussed above. Claims that such guidelines create a private cause of action have been addressed by this Court and consistently dismissed with prejudice. *See, e.g., Johnson v. Bank of Am., N.A.*, No. 4:12cv105, 2012 U.S. Dist. LEXIS 172667, at *6 (E.D. Va. Dec. 5, 2012) (dismissing plaintiff's claims with prejudice, holding HAMP creates no private right of action); *Randolph v. GMAC Mortgage, LLC, et al.*, No. 1:11-cvV-821 (E.D. Va. Sept. 13, 2011) (Brinkema, J.) (citing a string of decisions by Virginia federal courts). Because there is no right on the part of Plaintiffs to enforce the Servicing Guidelines against the lender or servicer, they are not incorporated into any of the Plaintiffs' Deeds of Trust by way of the "Applicable Law" provision and are not a contractual term enforceable by Plaintiffs – against either the trustee or the lender/servicer.

This point is driven home by a case Plaintiffs themselves cite in the Complaint – the Virginia Supreme Court's decision in *Mathews v. PHH Mortgage Corp.*, 283 Va. 723, 724 S.E.2d 196 (2012). In *Mathews*, the Virginia Supreme Court addressed whether a deed of trust

incorporated the HUD "face to face interview" requirements contained in 24 C.F.R. 203.604 as a condition precedent to acceleration. *Id.* at 729, 724 S.E.2d at 198.  However, the provision at issue in *Mathews* was not a generic "Applicable Law" provision, but instead one that specifically stated that the "Security Instrument does not authorize acceleration or foreclosure if not permitted" by HUD regulations.  *Id.* at 734, 724 S.E.2d at 201.  The Virginia Supreme Court held that the specific deed of trust reference to HUD regulations as a condition precedent to foreclosure, demonstrated the "clear and unambiguous" intent of the parties to incorporate the HUD regulations relating to acceleration into the deed of trust terms:

> As a matter of Virginia law, when a deed of trust ***expressly states*** on its face that it does not authorize acceleration or foreclosure if not permitted by some external set of conditions identified within the deed of trust, those conditions are fully incorporated as conditions precedent to acceleration and foreclosure.

*Id.* at 736, 724 S.E.2d at 202 (emphasis added).  Thus, only where the deed of trust specifically incorporates an identified set of regulations or guidelines as conditions of enforcement can such regulations or guidelines become contractual terms. *Id.*; *see Townsend,* 923 F. Supp.2d at 841-42 (distinguishing the facts in that case from *Mathews* because the deed of trust did not specifically refer to the FDCPA).  Because the Fannie Mae and Freddie Mac Deeds of Trust at issue in this case do not specifically identify the Servicing Guidelines, they are not incorporated as a term of the Deeds of Trust.[11]

> ### d.   Even if the Servicing Guidelines are Somehow Incorporated into the Deed of Trust, SIWPC, as Trustee under the Deeds of Trust, Owes no Duty to Ensure that the Servicer Complied with those Guidelines.

Even if the Fannie Mae and Freddie Mac Servicing Guidelines are somehow incorporated

---

[11] Plaintiff Cobia's Deed of Trust does not specifically refer to Title 38, containing the VA regulations, instead containing only a generic "Applicable Law" provision.  To the extent that any purported VA class members' Deeds of Trust specifically references those regulations, the argument that SIWPC owes a duty based thereon is addressed below.

into the Deeds of Trust, which SIWPC disputes, they do not impose any duties on trustees and a trustee is not obligated to ensure compliance with them or provide oversight of servicers. Similarly, a trustee has no duty to ensure compliance with the Department of Veteran Affairs' regulations or HUD regulations, even if specifically referenced in the Deed of Trust. Plaintiffs simply can point to no language pertaining to the duties of the trustee, within the four corners of the operative Deeds of Trust, which place any obligations on the trustee to ensure compliance with any extrinsic regulations or guidelines. In sum, "Plaintiffs cannot identify any aspect of the deeds of trust that place the duties they rely upon in the trustees' lap." *Goodrow II*, 2012 U.S. Dist. LEXIS 182188, at *29.

This Court has rejected the existence of an alleged "duty of due diligence" to ensure compliance with the Servicing Guidelines or HUD/FHA Regulations. *Goodrow II*, 2012 U.S. Dist. LEXIS 182188 at *21 ("A trustee under a deed of trust has no due diligence duty and only owes duties listed in the deed of trust."). As Plaintiff Cobia does in this case, one of the plaintiffs in *Goodrow II* alleged that the substitute trustee breached its fiduciary duties by foreclosing "without ensuring compliance with regulations prior to acceleration and foreclosed without complying with VA regulations." *Id.*, at *19. The plaintiff's deed of trust incorporated "Title 38 and the concomitant regulations in effect on the date the Deed of Trust was executed." *Id.* at *13. Specifically, just as alleged by several Plaintiffs in this case with regard to VA and HUD loans, plaintiff claimed that the substitute trustee failed to ensure compliance with the "face to face interview" requirement. *Id.* The Court rejected this argument and found no trustee duties arising from the incorporated Department of Veterans Affairs regulations:

> Plaintiffs' allegations fall short . . . the regulation required Chase, as authorized servicing agent of the lender First Horizon, to conduct a face to face interview or make reasonable efforts to arrange one. ***Nothing in the Chatter Deed of Trust obligates Defendants to ensure that the servicer or lender complied with the VA***

19

*regulations. Chatter points to no VA regulation that obligates the trustee to ensure that the servicer or lender complied with their loan obligations.*

*Id.* at *33 (emphasis added).  This Court again rejected a "duty of due diligence" claim in *Goodrow III*, 2013 U.S. Dist. LEXIS 105395, at *64 (*citing Goodrow II,* 2012 U.S. Dist. LEXIS 182188, at *6).

Likewise in *Carter v. Countrywide Home Loans, LP*, this Court rejected the plaintiff's claim that the trustee breached its fiduciary duty "by failing to provide accurate loan reinstatement and/or payoff amounts to the Plaintiffs," "failing or refusing to keep the Plaintiffs fully informed as to the status of the foreclosure proceeding," "failing to communicate with them in a timely manner regarding the foreclosure proceedings," and "failing to provide an accurate accounting of the foreclosure sale and deliver same to the Henrico County Commissioner of Accounts pursuant to the *Code of Virginia*." 2008 WL 4167931, at *11 ("Plaintiffs are correct that a deed of trust gives rise to certain fiduciary duties . . . [but] Plaintiffs' claim fails to set forth any fiduciary duties arising pursuant to the deed of trust. . . Without the proscribed existence of a fiduciary duty, Plaintiffs claim for the breach of such duty must fail.").

Under abundant precedent, including that cited above, SIWPC has **no** legally cognizable duty to conduct due diligence, investigate referral documents and files, make inquiries, "look back", "second guess", or question the authority of others to act in a non-judicial foreclosure state before taking any action with respect to the foreclosure.  Contrary to Plaintiffs' claims, as a matter of law SIWPC is not required to question the lender's compliance with the Servicing Guidelines or HUD/VA Regulations.   Similarly, SIWPC also is not required to seek the assistance of the Courts and/or to require a lender to tender valid evidence or proof of its powers to appoint, its authority, and the propriety of its documentation and authority to act before undertaking actions in a non-judicial foreclosure sale proceeding.  Plaintiffs' allegations fail to

state a valid claim for breach of fiduciary duties and must be dismissed with prejudice. Accordingly, even if the relevant Deed of Trust specifically incorporates Servicing Guidelines or HUD/VA Regulations, they are only relevant to the contracting parties and do not give rise to additional trustee's duties.

### 2.  Plaintiffs Fail to Allege the Breach of Any Duties Enumerated in the Deed of Trust and the Virginia Code.

The applicable provision of the Deed of Trust pertaining to the foreclosure procedure is either Paragraph 22 or 18, depending on the deed of trust form used.  (**Exs. A-C**).  Each paragraph is the same in substance and simply indicates that if the lender invokes power of sale: the trustee shall publish notice of the sale in accordance with "applicable law" once a week for two successive weeks; shall give notice of sale as required by "applicable law"; that the trustee may also utilize any additional or different form of advertisement as the trustee deems advisable; that the trustee, without demand on the borrower, shall sell the property at public auction, that the trustee may postpone the sale by advertising in accordance with "applicable law"; that the trustee shall deliver a special warranty deed to the purchaser; how the trustee is to apply and disburse the proceeds of sale; and that the trustee is not required to take possession of the property or to deliver possession to the purchaser.  (*Id.*).[12]

In summary, the applicable provisions of the Deeds of Trust and the Virginia Code relate solely to the procedure of sale and do not include oversight of the servicer's entitlement to foreclose or compliance with regulations or servicing guidelines for which there are no terms obligating the trustee.  Plaintiffs do not allege that either the terms of paragraph 22 or 18, or the

---

[12] Likewise, the Virginia Code regulates the pre-foreclosure and foreclosure procedure. Plaintiffs do not allege that SIWPC breached any of its requirements. *See*, Va. Code §§55-59 – 59.2, §55-59.4, §64.2-1309; and § 64.2-1423.

Virginia Code, have been breached and, accordingly, Plaintiffs fail to plead the "breach" element of their claim for a breach of fiduciary duties.

> ### 3.      Plaintiffs Fail to Allege Cognizable Damages.

Even assuming *arguendo* that the amorphous "duties" alleged by Plaintiffs were actual fiduciary duties, Plaintiffs fail to allege damages as a result of any alleged breach.  The Fourth Circuit has addressed the elements of a *prima facie* claim by a mortgagor or borrower against a trustee for breach of fiduciary duty.  *See Laws v. Priority Trustee Services of North Carolina, LLC*, 375 Fed. Appx. 345, 201 U.S. Dist. LEXIS 8815 (4th Cir. Apr. 28, 2010), at 346-48.  The district court had held that "a claim for breach of fiduciary duty requires a showing of some type of harm or other irregularity with the sale, rather than the simple fact that the trustee was in an interested relationship." *Id.* at 348.  The Fourth Circuit affirmed, finding that the mortgagors' allegations, which did not include any contention that they suffered damages as a result of the arrangement between the law firm and substitute trustee, failed to assert a claim for breach of fiduciary duty and were ripe for dismissal pursuant to Rule 12(b)(6).  *See id.,* at 346-47.

Similarly stated, "[c]ertain torts [like breach of fiduciary duty] require as an essential element that a plaintiff incur actual damage. These torts include breach of fiduciary duty." *Id.* at 348, *citing Dove v. Harvey*, 608 S.E.2d 798, 801 (N.C. App. 2005); *see also Piedmont Inst. of Pain Mgmt. v. Staton Found.*, 581 S.E.2d 68, 77 (N.C. App. 2003).  Conclusory statements alleging that a plaintiff has been damaged are insufficient as a matter of law to meet the damages element of a *prima facie* claim for breach of fiduciary duty.  In this case, Plaintiffs have failed to satisfy their burden, instead making a single conclusory allegation that they are "entitled to recover actual damages and costs" in each of the four Counts, I through IV.  (*See* Compl. ¶ 1364 (alleging summarily and without more, "Plaintiffs and the putative class suffered injury and are

entitled to recover actual damages and costs against the Defendant")).

Moreover, nowhere within the 1,443 paragraphs and the 215 pages of the Complaint is there any allegation that any of the Plaintiffs were not in default under the terms of the Deeds of Trust.   This fact is significant because this Court dismissed the plaintiffs' RICO claim in *Goodrow III* on the basis that their uncontested mortgage defaults did not allow them to establish a causal connection to any alleged damages:

> The documents Plaintiffs cite as giving rise to the RICO cause of action also state that they are in default and thus make them unable to survive Defendants' challenge that ***the record indicates that their default served as the proximate cause to the harm they suffered.*** Without satisfying this standing requirement, cannot attempt to state a claim . . . and become "vulnerable to a motion to dismiss" as a result of failing to plausibly allege "an adequate causal nexus between that injury and the predicate acts of racketeering activity."

2013 U.S. Dist. LEXIS  at *84-85 (emphasis added); see also, *Jones v. Fulton Bank, N.A.*, 2013 WL 3788428 at *6 (E.D. Va. July 18, 2013) (finding no causal connection between the alleged improper appointment of the substitute trustee and the alleged harm suffered by the borrowers because the plaintiffs' injuries stemmed from their own failure to make their monthly payments.)

Similarly, in this case Plaintiffs cannot establish any nexus between the alleged breaches of fiduciary duties and any injury they suffered because it is their uncontested default in payments, occurring prior to referral to SIWPC, that is the source of their travails.  Accordingly, Plaintiffs have failed to plead sufficient facts to establish any damages suffered as a result of the alleged wrongful acts of SIWPC.  Because Plaintiffs cannot also establish the damages element necessary to state a claim for breach of fiduciary duty, Counts I through IV of the Complaint must be dismissed with prejudice.

**C.**     **Plaintiffs' Claim for the Breach of Common Law Duties Is Barred by the Economic Loss Rule.**

Because Plaintiffs ground their claims for breach of fiduciary duty in contract, they are

prohibited from also pleading the alternative basis for making such a claim – a common law duty sounding in tort.[13]

A trustee under a deed of trust enjoys a relationship with the borrower *solely* by virtue of deed of trust contract. A common law duty sounding in tort can only arise "where the relation of the plaintiff and defendant is such that a duty arises from the relationship, irrespective of the contract." *Oleyar v. Kerr*, 217 Va. 88, 90, 225 S.E.2d 398 (1976). Stated another way, there can be no common law duty where, "but for" the deed of trust contract, the trustee would owe no fiduciary duty because the fiduciary relationship would not exist. *See Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 207, 645 S.E.2d 290, 295 (2007)("[b]ut for the existence of the agency agreement, neither Jones nor Lee-Curtis would have owed any fiduciary duties to August Mutual."). Moreover, fiduciary duties beyond the deed of trust terms cannot be implied. *See Stellarone Corp. v. Smartstart LLC*, No. CL1100137-00, 2011 WL 8964505 at *2 (Salem Cir. Ct. June 28, 2011)("[T]he underlying security agreement [in that case] apparently comes in the form of a deed of trust, and, as in *Fleet Finance*, no fiduciary duties beyond those contained in the deed of trust can be implied."). As such, the deed of trust is sacrosanct when it comes to defining the limited duties and role of the substitute trustee with respect to foreclosure proceedings, and any attempts to stretch those duties and roles uniformly have been rejected by the Virginia courts.

## V.   CONCLUSION

For the reasons set forth above, Plaintiffs' claims set forth in Counts I through IV of the Complaint for breach of fiduciary duty on the part of SIWPC fail to state a claim as a matter of

---

[13] Plaintiffs herein allege a failure to "perform a duty imposed by contract" under the "Applicable Laws" term in the Deeds of Trust.

law, and should be dismissed with prejudice.


         Respectfully submitted,

**SAMUEL I. WHITE, P.C.**


By: _____ /s/ John C. Lynch _____


John C. Lynch, Esquire (VSB No.: 39267)
Maryia J. Jones, Esquire (VSB No.: 78645)
Counsel for Defendant, Samuel I. White, P.C.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
Email:  maryia.jones@troutmansanders.com
*Counsel for Defendant, Samuel I. White, P.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

### Counsel for Plaintiffs

Matthew J. Erausquin, Esq. (VSB No. 65434)
Janelle E. Mason, Esq. (VSB No. 82389)
Casey S. Nash, Esq. (VSB No. 84261)
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770 – Telephone
(888) 892-3512 – Facsimile
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com

Leonard A. Bennett, Esq. (VSB No. 37523)
Susan Rotkis, Esq. (VSB No. 40639)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1 - A
Newport News, VA  23601
(757) 930-3660- Telephone
(757) 930-3662 – Facsimile
lenbennett@clalegal.com
srotkis@clalegal.com

Kristi Cahoon Kelly, Esq. (VSB No. 72791)
Surovell Isaacs Petersen & Levy, PLC
4010 University Drive, 2nd Floor
Fairfax, VA  22030
(703) 277-9774 – Telephone
(703) 591-9285 – Facsimile
kkelly@siplfirm.com

Dale W. Pittman, Esq. (VSB No. 1573)
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA  23803
(804) 861-6000 - Telephone
(804) 861-3368 – Facsimile
dale@pittmanlawoffice.com

`

_____/s/ John C. Lynch_____
John C. Lynch, Esquire (VSB No.: 39267)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
*Counsel for Defendant, Samuel I. White, P.C.*

21422841v4